UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**

NOV 0 1 2004

CLERK

THOMAS A. DASCHLE, )
                   )
    Plaintiff,     )           Civ. 04- 4177
                   )
v.                 )
                   )
JOHN THUNE,        )
SOUTH DAKOTA REPUBLICAN PARTY, )
and JOHN DOES 1-200, )
                   )
    Defendants.    )
_____)

## COMPLAINT TO ENFORCE COMPLIANCE WITH CONSENT ORDER AND WITH THE LAWS AND CONSTITUTION OF THE UNITED STATES AND FOR EMERGENCY RELIEF

### Nature of this Action

1. Thomas A. Daschle seeks a temporary restraining order pursuant to F.R.Civ.P. 65 to compel defendants to comply with the 1982 and 1987 consent orders of the Honorable Dickinson R. Debevoise, United States District Court, District of New Jersey, and to enjoin and remedy defendants' violations of those orders and the laws and Constitution of the United States.

### Parties

2. Plaintiff is Thomas A. Daschle, a candidate for re-election to the United

States Senate. Defendants are John Thune, who is the Republican candidate for United States Senate, the South Dakota Republican Party, and John Does 1-200, who are agents of Thune and the South Dakota Republican Party, and in doing the acts set forth herein have acted in concert with each other.

## Jurisdiction and Venue

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3), and 28 U.S.C. § 1343(4).

4. Venue exists in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this District.

## Facts and Cause of Action

5. This action arises from defendants' attempts unlawfully to harass and intimidate minority voters from voting in elections throughout the United States, now including South Dakota.

6. Minority voters, both nationwide and in South Dakota, vote heavily Democratic. In South Dakota in the 2002 United States Senate election, according to the South Dakota Secretary of State's web site, in Shannon County voters chose the Democratic candidate over the Republican candidate by 2,856 to 248, and in Todd County voters chose the Democratic candidate over the Republican candidate by 2,027 to 464. By comparison, South Dakota as a whole chose the Democratic candidate over the Republican candidate by 49.62% to 49.47%.

2

7. The Republican National Committee (RNC), acting through local Republican organizations such as the South Dakota Republican Party, has previously engaged in a concerted plan to employ various tactics targeted at minority and heavily Democratic voting areas to harass and intimidate minority voters.

8. In December 1981, the Democratic National Committee (DNC) sued the RNC in the United States District Court for the District of New Jersey, Action No. 81-3876, alleged that Republicans had engaged in illegal so-called "ballot security devices" aimed at preventing African-American and Hispanic voters from participating in the November 1981 election in New Jersey.

9. A consent order was issued in that action in November, 1982 (the "First Consent Order") (attached as Exhibit A). The First Consent Order prohibits the RNC from undertaking any "ballot security" activities anywhere in the United States in polling places or election districts where the racial or ethnic composition of those districts is a factor in the decision to conduct, or the actual conduct of, such activities, and where a purpose or effect of such activities is to deter qualified voters from voting. The First Consent Order also requires the RNC to comply with all state and federal laws protecting the right to vote.

10. The First Consent Order provides that "nothing in this agreement shall prevent plaintiffs from seeking relief, at law or equity, for a violation of the terms of this settlement agreement or of the related consent order incorporating the terms hereof."

11. In 1986, the RNC conducted "ballot security" activities in Louisiana aimed at deterring African-Americans from voting. In response, the DNC sued the RNC in the United States District Court for the District of New Jersey, Civ. Action No. 86-3972, to enforce compliance with the First Consent Order.

12. The 1986 action resulted in the entry of a second order, denominated "Settlement Stipulation and Order of Dismissal," entered by the Court on July 27, 1987 (copy attached as Exhibit B). It provides:

> "B. To the extent permitted by law and the November 1, 1982 Consent Order, the RNC may deploy persons on election day to perform normal poll watch functions so long as such persons do not use or implement the results of any other ballot security effort, unless the other ballot security effort complies with the provisions of the Consent Order and applicable law and has been so determined by this Court.
>
> "C. Except as provided in paragraph B above, the RNC shall not engage in, and shall not assist or participate in, any ballot security program unless the program (including the method and timing of any challenges resulting from the program) has been determined by this Court to comply with the provisions of the Consent Order and applicable law. Applications by the RNC for determination of ballot security programs by the Court shall be made following 20 days notice to the DNC which notice shall include a description of the programs to be undertaken, the purpose(s) to be served, and the reasons why the program complies with the Consent Order and applicable law."

13. Defendant RNC in a memo issued October 25, 2002, recognized the nature and current applicability of these Consent Orders. Defendant RNC stated:

4

> "[T]he Republican National Committee operates consistent with the terms of the consent order entered by the United States District Court for the District of New Jersey as a result of programs conducted in New Jersey and Louisiana in 1981 and 1986, respectively.
>
> "<u>The consent order requires that the Republican National Committee 'refrain from undertaking any ballot security activities in polling places or election districts where the racial or ethnic composition of such districts is a factor in the decision to conduct such activities there and where a purpose or significant effect of such activities is to deter qualified voters from voting.' Further, the consent order states that 'the conduct of such activities disproportionately in or directed toward districts that have a substantial proportion of racial or ethnic populations shall be considered relevant evidence of the existence of such a factor and purpose.'"</u>

(Emphasis added) (Copy attached as Exhibit C).

14. Defendants, in violation of the Second Consent Order, ¶ C, have engaged in and presently are engaging in "ballot security procedures" without having applied to the Court that issued the Second Consent Order (or any other Court) for a determination of compliance with the Second Consent Order, and without having provided notice to the DNC.

15. Defendants have engaged in and are engaging in the following in violation of the First and Second Consent Orders and in violation of the laws and Constitution of the United States with respect to Native American voters:

    a. Following Native American voters at the Lake Andes polling place in Charles Mix County, and standing two to three feet behind Native

American voters, and ostentatiously making notes, all intended to intimidate and deter Native American voters, and

b. Following Native American voters out to their cars after they have voted, walking up to their vehicles, and writing down their license plate numbers, all intended to intimidate and deter Native American voters.

c. Having a loud conversation in a polling place, where Native Americans were voting, about Native Americans who were prosecuted for voting illegally in Minnesota.

15. The persons carrying out these activities are part of a large group of Republican Thune supporters who have come to South Dakota from across the country, and who are poised to repeat the same conduct in Native American voting places across South Dakota tomorrow on Election Day.

16. The Daschle-Thune election should be a fair one. The conduct of Republican Thune supporters will make it an unfair one, unless restrained by this Court. Thune and his Republican supporters have targeted the most vulnerable voters they could find.

17. Immediate and irreparable damage to Thomas A. Daschle's candidacy for re-election to United States Senate is occurring because of such conduct, and such damage will increase enormously when voting begins on Tuesday, November 2, unless defendants' illegal conduct is restrained by this Court.. Said damage is immediate and irreparable.

6

Immediate and effective relief is essential to ensure that the outcome of tomorrow's election will not be harmed further by defendant's conduct that it already has been harmed.

18. Word travels fast in small-population counties in South Dakota. The above actions will prevent and deter and chill other Native Americans from voting.

19. Thomas A. Daschle has no adequate remedy at law.

20. The public interest in assuring that this election is conducted properly and without harassment, intimidation, or discouragement of Native American voters, as well as the interests of this Court and of the federal judiciary that federal court orders, including the two prior consent orders, be respected and obeyed, requires that defendants, their agents, employees and persons acting in concert be compelled to comply with the First and Second Consent Orders and the laws and Constitution of the United States, and be required to cease the actions set out above.

21. The harm caused by defendants' willful violations of the First and Second Consent Orders and the laws and Constitution of the United States requires immediate remedy to avoid further damage to plaintiff, plaintiff's candidates, the electoral process, and the civil and constitutional rights of the affected voters and prospective voters.

22. Defendants' actions violate the Fourteenth and Fifteenth Amendments to the Constitution of the United States.

23. Defendants' actions violate 42 U.S.C. § 1973i(b), which prohibits any person, whether or not acting under color of law, from acting to intimidate, threaten or

coerce, or attempting to intimidate, threaten or coerce any person from voting or attempting to vote.

24. Defendants' actions violate 42 U.S.C. § 1971(a)(1), which protects the right to vote from discrimination based on race by persons acting under color of law.

25. Defendants' actions violate 42 U.S.C. § 1983, which prohibits persons from acting under color of state law from depriving persons of rights protected by the Constitution and laws of the United States.

26. Defendants' actions violate 42 U.S.C. § 1985(3), which prohibits two or more persons, whether or not acting under color of law, from acting jointly to deprive any person or class of persons of the equal protection of the laws.

27. Defendants' actions violate the Constitution and laws of the State of South Dakota protecting the rights of people to vote.

28. Federal law recognizes the identity of the RNC and state Republican parties such as the South Dakota Republican Party. A "political party" is an organization which nominates a candidate for election to a federal office whose name appears on an election ballot as a candidate of that organization. 2 U.S.C. § 431 (16). A "national committee" (like the RNC) is an organization which is "responsible for the day-to-day operation of a political party at the national level." 2 U.S.C. § 431 (14). A "State committee" (like the South Dakota Republican Party) is "responsible for the day-to-day operation of such political party at the state level." 2 U.S.C. § 431 (15).

8

29. Likewise, under federal law, contributions to all committees organized by a party candidate for election to Federal office "shall be considered to be made or received by a single political committee." 11 CFR 110.3.

WHEREFORE, Thomas A. Daschle requests this Court enter an order:

1. Enjoining defendants from taking any of the actions alleged herein or any other actions designed to harass, intimidate or discourage voters or having that effect; and

2. Granting such other relief as is just.

Dated: November 1, 2004

JAMES D. LEACH
Attorney at Law
1617 Sheridan Lake Rd.
Rapid City, SD 57702
(605) 341-4400

and

MICHAEL J. SCHAFFER
Schaffer Law Office
311 E. 14th St.
Sioux Falls, SD 57104
(605) 274-6760

Attorneys for Thomas A. Daschle

By: _____

## VERIFICATION

I verify that the foregoing is true and correct to the best of my knowledge, information, and belief.

9

Dated: November 1, 2004        _____

[ATTACHED ARE TWO CONSENT ORDERS AND RNC MEMO OF OCTOBER 25, 2002]