UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
NOV 0 1 2004
CLERK

| | |
|---|---|
| THOMAS A. DASCHLE, ) | |
| ) | |
| Plaintiff, ) | Civ. 04-4177 |
| ) | |
| v. ) | |
| ) | |
| JOHN THUNE, ) | |
| SOUTH DAKOTA REPUBLICAN PARTY, ) | |
| and JOHN DOES 1-200, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF
## COMPLAINT TO ENFORCE COMPLIANCE WITH CONSENT ORDER
## AND WITH THE LAWS AND CONSTITUTION OF THE UNITED STATES
## AND FOR EMERGENCY RELIEF

Native Americans have never voted in the same numbers as non-Native Americans. As a result, Native Americans have less political power than other groups of people have, and many remain mired in poverty. Native Americans in South Dakota and nationally vote heavily Democratic.

Plaintiff's campaign helped many Native Americans register to vote. The day before Election Day, defendants have shown their hand with unlawful efforts to harass, intimidate, and discourage Native American voters. Immediate remedy -- before the polls open tomorrow-- is required to avoid further unlawful damage to plaintiff.

The background, factual basis, and legal basis for this action, and the need for immediate relief, are set out in the Complaint. The RNC's history of similar conduct over the past 20 years, and this year in other states, is set out in the Appendix. Such efforts are particularly effective against Native Americans, many of whom will withdraw in the face of controversy rather than aggressively challenge it.

F.R.Civ.P. 65 authorizes issuance of a temporary restraining order. "The standard for issuance of an injunction requires consideration of the threat of irreparable harm to the movant, the balance between this harm and the harm created by granting the injunction, the likelihood of success on the merits, and the public interest. The party seeking the injunction has the burden of establishing these factors." Davis v. Francis Howell Sch. Dist., 104 F.3d 204, 205-06 (8th Cir. 1997) (citations omitted). "In balancing the equities no single factor is determinative." Dataphase Systems, Inc. v. C. L. Systems, 640 F.2d 109, 113 (8th Cir. 1981) (en banc).

The threat of irreparable harm is overwhelming. No harm will occur by granting the injunction. The likelihood of success on the merits is overwhelming. The public interest strongly opposes unlawful efforts to discourage Native Americans from voting. Balancing these factors, all require that immediate relief be granted.

The Fourteenth Amendment requires equal protection of the laws. The Fifteenth Amendment provides that "The right of citizens of the United States to vote shall not be denied or abridged by . . . any state on account of race," and provides that Congress may

enforce this provision by legislation.

Title 42 U.S.C. § 1973i(b) provides: "No person, whether acting under color of law or otherwise, shall intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person for voting or attempting to vote, or intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any person for urging or aiding any persons to vote or attempt to vote, . . ."

Title 42 U.S.C. § 1971(a)(1) provides: "All citizens of the United States who are otherwise qualified by law to vote at any election by the people in any State, Territory, district, county, city, parish, township, school district, municipality, or other territorial subdivision, shall be entitled and allowed to vote at all such elections, without distinction of race, color, or previous condition of servitude; any constitution, law, custom, usage, or regulation of any State or Territory, or by or under its authority, to the contrary notwithstanding."

Title 42 U.S.C. § 1983 protects against discrimination by persons acting under color of state law. Title 42 U.S.C. § 1985(3) prohibits two or more people, whether or not acting under color of law, from acting jointly to deprive anyone of the equal protection of the laws.

The Court should grant the relief requested, and should do so immediately, in order to preserve these constitutional and statutory guarantees, and the voters they are intended to protect, from further abuse by defendants.

3

Dated: November 1, 2004          Respectfully submitted,

                                 JAMES D. LEACH
                                 Attorney at Law
                                 1617 Sheridan Lake Rd.
                                 Rapid City, SD 57702
                                 (605) 341-4400

                                 and *[signature]*

                                 MICHAEL J. SCHAFFER
                                 Schaffer Law Office
                                 311 E. 14th St.
                                 Sioux Falls, SD 57104
                                 (605) 274-6760

                                 Attorneys for Thomas A. Daschle

                                 By: *[signature]*

4