UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED
NOV 0 2 2004

*********************************************************************

| | | |
|---|---|---|
| THOMAS A. DASCHLE, | * | CIV 04-4177 |
| Plaintiff, | * | |
| vs. | * | TEMPORARY RESTRAINING ORDER |
| JOHN THUNE; SOUTH DAKOTA REPUBLICAN PARTY; and JOHN DOES 1-200, | * | |
| Defendants. | * | |

*********************************************************************

Under the principles of *Bush v. Gore*, 531 U.S. 98 (2000), the Court finds that the Plaintiff Thomas A. Daschle has standing to bring the present action. The action shows that Plaintiff Daschle is suing on his behalf as well as on behalf of persons who are unable to protect their own rights, that being Native Americans, to vote in this South Dakota General Election. See also *Oti Kaga, Inc. v. South Dakota Housing Authority*, 342 F.3d 871, 881-82 (8th Cir. 2003), and cases cited therein.

Oral testimony, photographs, and arguments were presented by the Plaintiff and the Defendants concerning today's events in a hearing from 8:00 P.M. until 11:30 P.M. this evening. Due to the fact that the General Election voting commences at 7:00 A.M. tomorrow morning, the Court cannot prepare a more detailed opinion.

After receiving evidence on behalf of Plaintiff and Defendants in the form of oral testimony as well as photographs, the Court applies the four factor tests from *Dataphase Systems, Inc. v. CL Systems, Inc.*, 540 F.2d 109 (8th Cir. 1981), and concludes that there clearly is the threat of irreparable harm to the Movant in that if Native Americans are improperly dissuaded from voting, those voters normally simply disappear and there is no identifying most of them and even if

identified, they can't vote later. The harm that will be inflicted upon the Movant is far greater than any injury granting the temporary restraining order will cause Defendants. The Movant and the Native American voters whose rights are asserted by the Movant will suffer the irreparable harm described above while Defendants are only being required to follow the law. The Court does find that the Movant is more likely to succeed on the merits of the equal protection claim and the claims under 42 U.S.C. § 1973i(b) and 42 U.S.C. § 1985(3), as the Court finds that there was intimidation particularly targeted at Native American voters in Charles Mix County by persons who were acting on behalf of John Thune. The Eighth Circuit has ruled that injunctive relief is available under § 1985(3). *See Brewer v. Hoxie School District*, 238 F.2d 91 (8th Cir. 1956). Whether the intimidation was intended or simply the result of excessive zeal is not the issue, as the result was the intimidation of prospective Native American voters in Charles Mix County. This is a small Native American population within which word travels quickly. Finally, the public interest is served by having no minority denied an opportunity to vote. Accordingly,

IT IS ORDERED that a Temporary Restraining Order is entered against Joel C. Mandelman and all other Defendant John Does acting on behalf of John Thune in Charles Mix County prohibiting them from following Native Americans from the polling places and directing that they not copy the license plates of Native Americans driving to the polling places, or being driven to the polling places, and further directing that the license plates of Native Americans driving away from the polling places also not be recorded.

Dated this 2nd day of November, 2004.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
            DEPUTY